Karine Bohbot, Esq. (SBN: 197298)
BOHBOT & RILES, PC
4319 Piedmont Avenue, 2ⁿᵈ floor
Oakland, CA 94611
Tel. (510) 273-3111
Fax (510) 273-8911
kbohbot@strikebacklaw.com

Attorney for Plaintiff:
   Michael McLaughlin

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MCLAUGHLIN, | Case No.: 2:21-cv-00261-KJM-DB |
| Plaintiff, | |
| -vs.- | **PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES** |
| SMART ENERGY TODAY INC., a Washington Corporation; and DOES One through Twenty-Five, inclusive, | |
| Defendants. | |
| | **Jury Trial Requested** |

## COMMON ALLEGATIONS

1.     Plaintiff MICHAEL MCLAUGHLIN (hereinafter "Mr. McLaughlin") at all times mentioned herein is a resident of the State of California, County of Solano and employed in the County of Solano.

2.     Defendant SMART ENERGY TODAY, INC., (hereinafter "SET") is a Washington Corporation, authorized to do business in the State of California.

3.     Each Defendant is sued individually and as the agent and/or employee of every other Defendant acting within the course and scope of said agency and/or employment, with the knowledge and/or consent of the other co-Defendants, and each of them.  Plaintiff alleges that Defendants are liable to Plaintiff for the acts of its agents and/or employees and

1   DOES One through Twenty-five, and each of them, under the legal doctrine of *respondeat*

2   *superior* and pertinent provisions of the Fair Employment and Housing Act.

3           4.     Plaintiff sues fictitious Defendants DOES One through Twenty-five,

4   inclusive, and each of them, pursuant to California Code of Civil Procedure Section 474, because

5   their names and/or capacities and/or facts showing them to be liable to Plaintiff are not presently

6   known.  Plaintiff will seek leave to amend this complaint to reflect the true names and capacities

7   of such fictitious Defendants when they become known to them.

8           5.     Plaintiff was an employee of Defendants at the times when the actions

9   alleged herein occurred, unless otherwise alleged.  The wrongful acts alleged herein occurred in

10  Solano County, unless otherwise alleged.

11  **FACTUAL BACKGROUND**

12          6.     Mr. McLaughlin began his employment with SET in April 2017 and

13  remained employed, with his last position being its Director of Market Development, in Northern

14  California. His wages were entirely commission based, with his 2019 earnings totaling $139,695.

15  Mr. McLaughlin's direct supervisor was Jonathan Gibbs, one of the owners of SET.

16          7.     During Mr. McLaughlin's tenure, he was never given a formal

17  performance review, also never placed on a Performance Improvement Plan or otherwise

18  disciplined.   That is, until after May 2019.

19          8.     In May 2019, Mr. McLaughlin informed Mr. Gibbs that Nate Tomshack,

20  Director of Sales, and Desiree Lee-Hjelm, Director of Human Resources, were having an affair

21  of some sort.  Mr. McLaughlin had been informed of the affair and was shown pictures by Mr.

22  Tomshack of Ms. Lee-Hjelm that were inappropriate and sexual in nature.

23          9.     Indeed, Mr. McLaughlin felt the effects of this "affair" as he was not only

24  hearing the comments being made by Mr. Tomshack that he was having sex with Ms. Lee-

25  Hjelm, Mr. Tomshack showing naked photos of Mr. McLaughlin's HR representative, Ms. Lee-

26  Hjelm, but he also hearing the complaints and feelings of discomfort from his subordinates

27  about the environment this "relationship" was causing generally.

28

PLANTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

10.     Mr. McLaughlin was not only concerned for potential favoritism between these two individuals, but that Defendant SET was permitting and in essence creating such a charged environment. Mr. McLaughlin's work environment suffered due to these events in that he began to suffer from anxiety and concern that his reporting the situation could lead to adverse actions against him by Defendant.

11.     To add more stress, around this time, Mr. McLaughlin was also having disputes over commissions. Mr. McLaughlin experienced a pattern by the company of consistently underpaying its representatives what they were owed, or "miscalculating" the amounts, as the company repeatedly claimed.   As Mr. McLaughlin managed a Sales Team, he was expected to escalate commissions issues.   Yet the company often responded combatively.

12.     Nonetheless, considering the impact this was having on the workplace, and Mr. McLaughlin's position, Mr. McLaughlin felt it was necessary to inform management.

13.     Mr. Gibb's initial reaction was to inform Mr. McLaughlin that this could not be true.  He thus asked Mr. McLaughlin for evidence and to know who else might know.  As Mr. Tomshack had been bragging to other employees as well, even showing other employees, including Mr. McLaughlin, the naked pictures that Ms. Lee-Hjelm was sending to him, this was not difficult.

14.     Mr. McLaughlin believes some form of investigation was conducted, which resulted in Mr. Tomshack being removed from the company. However, Ms. Lee-Hjelm remained in her HR position.

15.     As for the company's response to Mr. McLaughlin's commissions complaints, Mr. Gibbs was consistently combative. On three separate incidents, Mr. Gibb's acted aggressively towards Mr. McLaughlin's direct reports who raised commission concerns directly to the company.  Mr. McLaughlin is of the belief that Mr. Gibbs' responses to these issues led to all three of these employees parting ways with the company.

16.     After reporting the affair, Mr. Gibbs sought to change Mr. McLaughlin's compensation plan, denied expense reimbursements, and cancelled out earned overrides.  Each

PLANTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

1   effort to discuss commission issues were also met with attacks or claims that Mr. McLaughlin

2   was communicating unprofessionally.

3          17.    In fact, by October 2019, Mr. Gibbs took every question or comment by

4   Mr. McLaughlin as some type of attack.  When Mr. McLaughlin expressed, via text, that he

5   believed Mr. Gibbs' actions were in retaliation for his reporting the relationship, and for raising

6   his concerns about the commission issues, Mr. Gibbs went on a tirade, attacking Mr.

7   McLaughlin, making comments that made Mr. McLaughlin believe he was going to be

8   terminated.

9          18.    In fact, Mr. Gibbs wrote a scathing email he dubbed a "performance

10  evaluation and write up," to HR immediately following the text exchange where Mr.

11  McLaughlin raised his concerns.

12         19.    One claim made by Mr. Gibbs in his email to HR was that Mr.

13  McLaughlin was somehow repeatedly taking time off "to clear his head."  Such was not the case.

14  Rather, after the episode with Mr. Tomshack and Ms. Lee-Hjelm in 2019, Mr. McLaughlin had

15  informed Mr. Gibbs that he wanted to focus on his Team in the Bay Area rather than also

16  participating in the area that Mr. Tomshack had previously covered.  As stated, Mr.

17  McLaughlin's work environment had been altered making it more difficult for him to perform at

18  the level he had previously.

19         20.    The only other time off in 2020 was all injury related, as further detailed

20  below.  As such, these misrepresentations of the actual facts and heightened scrutiny of Mr.

21  McLaughlin's performance were made by Mr. Gibbs as pretext for retaliation.

22         21.    In the end, Mr. McLaughlin was left with no choice but to himself respond

23  to the claims being made against him by Mr. Gibbs.  He thus submitted a formal complaint to the

24  owners of SET, detailing what had occurred, on October 14, 2019.

25         22.    In addition to raising his concerns from his reporting of the improper

26  relationship and compensation issues, Mr. McLaughlin also raised his concern with Mr. Gibbs

27  having hired his own wife to run the retail lead generation program in California.

28

4

PLANTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

23.     Mr. McLaughlin had been informed that Mr. Gibbs' wife had been brought in to hire "a team of models," and only women.  Mr. McLaughlin informed management that Mr. Gibbs' wife had told Mr. McLaughlin that she had passed on hiring candidates because they were "either men" or women she considered "too old or not good looking enough."

24.     These facts and events further created a hostile work environment for Mr. McLaughlin, as his superior's decision to essentially discriminate based on gender and age.  Mr. McLaughlin's subordinates were also raising concerns themselves about this conduct.

25.     Mr. McLaughlin never received a response from the owners.  Instead, he was contacted by Mr. Gibbs and Mr. Schade for days after the email, telling Mr. McLaughlin that he could either quit, recant his claim of retaliation in writing, or he would be fired and could "try your best to go after us" or words to that effect.

26.     Mr. Gibbs went as far as calling Mr. McLaughlin with a script of what he wanted Mr. McLaughlin to write.

27.     As Mr. McLaughlin felt coerced and in fear of losing his job, he acquiesced to Mr. Gibbs threat and, on October 31, 2019, sent a recanting email to the owners.

28.     As such, since HR was not included in the complaint email, as the HR person was Ms. Lee-Hjelm and Mr. Gibbs instructed Mr. McLaughlin to direct his complaint to the owners, there was no investigation conducted that Mr. McLaughlin was aware or informed of, and he simply attempted to continue in his position.

29.     However, Mr. Gibbs continued to have other plans.  After October 2019, Mr. and Mrs. Gibbs terminated the remaining retail employees who reported to Mrs. Gibbs.  Mr. Gibbs virtually stopped communicating with Mr. McLaughlin and, without informing Mr. McLaughlin, started to assigned sales reps from outside his territory (Bay Area) to run leads that previously would always have been assigned to his sales reps.  Doing so clearly affected Mr. McLaughlin's compensation.

30.     Then, on March 24, 2020, Mr. McLaughlin was involved in an automobile collision.  Mr. McLaughlin suffered physical injuries as a result of the collision.  Mr.

PLANTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

1  McLaughlin notified Mr. Gibbs and SET of the accident and his injuries immediately, Mr.

2  Gibb's advice was to try taking THC edibles. Initially, Mr. McLaughlin missed only some time

3  off work and began to work on a modified duty per doctor's orders.  For the first month after

4  the accident, Mr. McLaughlin made every effort to continue working from home, supporting his

5  sales reps who were in the field.

6          31.    However, a month later, because his injuries were not resolving and he

7  was suffering physical pain which impaired his ability to do his job, Mr. McLaughlin was

8  required to go out on medical leave completely, so that he could focus on recovering from his

9  injuries, also per doctor's recommendation and note.  Mr. McLaughlin provided his doctor's

10  notice to Defendant.

11          32.    Though on leave, on and around May 18, 2020, Mr. McLaughlin was

12  again forced to raise a commission issue with Mr. Gibbs and management.  This again resulted in

13  attacks by Mr. Gibbs, with part of his response being, "Call the labor board bro."

14          33.    In fact, on June 1, 2020, the day Mr. McLaughlin had understood was to

15  be his first day back to work from leave, he was sent an email by Ms. Lee-Hjelm informing him

16  that he was being terminated "for performance." The email claimed that, as of June 1, it had

17  been more than 60 days since he had closed a sale.  This was despite the fact that this 60-day

18  period overlapped with the accident and his weeks of time off due to his injuries.

19          34.    Mr. McLaughlin responded to this email immediately, pointing out the

20  fact that he had been on medical leave for the better part of this 60-day period being used to

21  justify his termination, which he believed was unfair.

22          35.    Moreover, Mr. McLaughlin's compensation plan does not reflect his role

23  carrying a personal sales quota.  As had been the case throughout his tenure, compensation was

24  based 100% on commissions and overrides from the sales team that he managed.  As such, Mr.

25  McLaughlin believes the reason being given for his termination was pretextual.

26          36.    Not surprisingly, and tellingly, immediately following his email response

27  to Ms. Lee-Hjelm, Mr. McLaughlin was sent an email from Mr. Schade with a different reason

28

6

PLANTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

1   for his termination; that he was actually being laid off and not terminated for performance. This

2   change in position further reflects Defendant's pretextual reasons for terminating his

3   employment and believes his termination was retaliatory.

4          37.    Mr. McLaughlin has exhausted all administrative remedies required of

5   him, including obtaining a Right-to-Sue letter from the Department of Fair Employment and

6   Housing for those claims subject to the FEHA.

7

8                                **FIRST CAUSE OF ACTION**
                                **UNLAWFUL RETALIATION**

9                       (Against DEFENDANTS and DOES One through Five, inclusive)

10         38.    The allegations set forth above, are re-alleged and incorporated herein by

11  reference as though fully set forth herein.

12         39.    At all times herein mentioned, Government Code section 12940,

13  subsection (h) was in full force and effect and was binding on Defendants.  This section prohibits

14  retaliation because of opposition to, or making a complaint regarding unlawful harassment,

15  discrimination, hostile work environment or retaliation.  It further protects employees from

16  retaliation for taking medical leave.

17         40.    Among other issues, Plaintiff raised what he believed was discriminatory

18  actions by raising (1) the creation of a hostile work environment due to the inappropriate sexual

19  relationship and subsequent dissemination of lewd and sexually charged photographs in the

20  workplace, and (2) being informed that the owners' wife was being hired with the plan of hiring

21  "models," which Plaintiff was informed would be younger, attractive women (i.e. unlawful

22  hiring practices).

23         41.    Plaintiff also took medical leave due to injuries sustained in a car accident,

24  which was subsequently ignored in Defendants' decision to terminate Plaintiff.  Though Plaintiff

25  was on medical leave for a substantial amount of the time Defendants claimed Plaintiff had not

26  made a sale, thus justifying his termination, Defendants refused to take this factor into

27

28

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

1   consideration in reaching their decision, in violation of Plaintiff's right to reasonable

2   accommodation.

3   42.   After Plaintiff engaged in the above-described protected activity, and as a

4   direct and consequential result thereof, Defendants, and each of them, retaliated against Plaintiff

5   for having engaged in said protected activity.  Such retaliation includes but is not limited to:

6   taking adverse action against Plaintiff; creating a hostile work environment, and ultimately

7   terminating Plaintiff for pretextual reasons.

8   43.   Defendants' stated legitimate business reasons for so treating Plaintiff, if

9   any, are pretexts for unlawful retaliation and thus not credible and as such are false.

10   44.   These actions by Defendants constitute unlawful retaliation under the laws

11   of the State of California for complaints of discrimination; such unlawful discrimination and

12   retaliation by Defendants, and each of them, was a substantial factor in causing damage and

13   injury to Mr. McLaughlin.

14   45.   Pursuant to Government Code Section 12965(b) Plaintiff requests the

15   award of reasonable attorneys' fees against Defendants, and each of them.

16   46.   Pursuant to Government Code Section 12926(c), Plaintiff requests the

17   imposition of liability to be imposed on Defendants, and each of them.  Should other employees

18   be found to have participated in the unlawful discrimination, Plaintiff reserves the right to

19   request the imposition of liability against those employees on the same basis.

20   47.   As a direct and consequential result of the acts of Defendants, and each of

21   them, Plaintiff has suffered and continues to suffer special damages, including loss of front pay

22   and benefits and back pay and benefits as shall be proved at trial.

23   48.   As a direct and consequential result of the herein alleged actions and/or

24   failures to act by Defendants, and each of them, Plaintiff has suffered emotional distress damages

25   of the type, nature and extent ordinarily associated with the wrongful conduct alleged against the

26   Defendants herein, including, fear, anxiety, depression, pain, humiliation, anger, despair,

27   embarrassment, and uncertainty, according to proof at trial.

28

49.     Because the above described actions, among others, were carried out and/or ratified by Defendants and/or managerial agents of Defendants in whom Plaintiff placed his justified and good faith trust, and because said Defendants acted in a deliberate, malicious, cold, callous, deceptive, oppressive and intentional manner in order to injure and damage Plaintiff and/or with callous disregard for Plaintiff's rights, Plaintiff requests the assessment of punitive damages against Defendants, and each of them, in an amount deemed proper by this court.

WHEREFORE, Plaintiff prays judgment against the Defendants, and each of them, as fully set forth below.

**SECOND CAUSE OF ACTION**
**FAILURE TO MAINTAIN ENVIRONMENT FREE FROM HARASSMENT,**
**DISCRIMINATION AND/OR RETALIATION**
**(California Government Code §12940(k))**
(Against DEFENDANTS and DOES One through Seven, inclusive)

50.     Plaintiff incorporates by this reference each and all of the allegations contained in the paragraphs above as fully as though set forth at length herein.

51.     Defendants failed to take all reasonable steps to prevent discrimination and retaliation against Plaintiff from occurring, and/or to take immediate and effective and appropriate corrective action to investigate, understand, evaluate and remedy the illegal conduct. These actions and/or failures to act by Defendants violate California Government Code §12940(k).

52.     Specifically, Defendants failed to take any action to take any disciplinary action against Plaintiff's supervisory employees for making sexist comments, for retaliating against Plaintiff for his complaints of illegal conduct, or otherwise ensure that Plaintiff was not subjected to adverse employment actions, including, but not limited to, being terminated for pretextual reasons.

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

53.     Plaintiff is informed and believes and thereon alleges that Defendants have never followed or enforced an effective written policy about discrimination, harassment or retaliation and have never conducted any effective training on the subject.

54.     As a direct and consequential result of the herein alleged actions and/or failures to act by Defendants, and each of them, Plaintiff has suffered injury to his mental and emotional well-being, including, fear, anxiety, depression, pain, humiliation, anger, despair, embarrassment and uncertainty, all of the type, nature, and extent ordinarily associated with the wrongful conduct alleged against the Defendants herein, all to their damage in an amount in excess of the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

55.     Because the above described words and actions, among others, were spoken or carried out and/or ratified by Defendants and/or managerial agents of Defendants in whom Plaintiff placed his justified and good faith trust, and because said Defendant acted in a deliberate, malicious, cold, callous, deceptive, oppressive and intentional manner in order to injure and damage the Plaintiff, and/or with callous disregard for Plaintiff's rights, Plaintiff requests the assessment of punitive damages against Defendants, and each of them, in an amount deemed proper by this court.

56.     As a direct and consequential result of the acts of Defendant, and each of them, Plaintiff has suffered and continues to suffer special damages, including loss of front pay and benefits and back pay and benefits as shall be proved at trial.

WHEREFORE, Plaintiff prays judgment against the Defendants, and each of them, as fully set forth below.

PLANTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

### THIRD CAUSE OF ACTION
### REFUSAL TO PROVIDE REASONABLE ACCOMMODATION
**(Calif. Fair Employment & Housing Act)**
(Against All Defendants and DOES One through Ten, inclusive)

57.     Plaintiff incorporates by this reference each and all of the allegations contained in the paragraphs above as fully as though set forth at length herein.

58.     At all times herein mentioned Government Code Section 12900 *et seq.* was in full force and effect and binding upon Defendants. Said statute, among others, requires Defendant to refrain from refusing to provide employees with reasonable accommodation for their physical disabilities, for discriminatory or retaliatory reasons, among other things.

59.     Plaintiff suffered from a physical disability due to injuries he sustained from a car accident.  Said injuries impaired Plaintiff's ability to work and required him to take medical leave from work.

60.     Defendants terminated Plaintiff while still on medical leave, or the first day he was to return from medical leave.  Defendants justified their termination of Plaintiff as performance based for failing to close sales during time protected by his medical leave of absence.  Defendants did not consider this fact and had not discussed any accommodation required by Plaintiff during his leave so as to avoid his being adversely impacted for his inability to perform all his tasks while on medical leave.

61.     Defendants thus treated Plaintiff detrimentally including, but not limited to, the following: failing to engage in a timely, good faith, interactive process with Plaintiff to find a reasonable accommodation; refusing Plaintiff reasonable accommodations to continue his employment, as required by law; failing to provide benefits of employment and other compensation as alleged above; depriving Plaintiff of the rewards of his work and other related benefits of employment; failing to protect Plaintiff from retaliation by his superiors for as a result of his disability and need for leave; and ultimately terminating Plaintiff without good cause and/or for pretextual reasons, among other acts or failures to act.

11

62. Defendants' stated reasons for terminating Plaintiff and failing and refusing to provide reasonable accommodations for Plaintiff, are false and are pretexts for unlawful discrimination and thus not credible. Indeed, Defendants' effort to change the reason for Plaintiff's termination, following Plaintiff informing Defendants of his medical leave during the period of time being used to justify performance issues, further supports a finding of pretext.

63. These actions by Defendants, and each of them, constitute outrageous, unlawful conduct and discrimination under the laws of the State of California. Such outrageous, unlawful discrimination by Defendants, and each of them, was a substantial factor in causing damage and injury to Plaintiff.

64. Pursuant to Government Code §12965(b), Plaintiff requests the award of reasonable attorneys' fees against Defendants, and each of them.

65. Pursuant to Government Code §12926(c), Plaintiff requests the imposition of liability against Defendants, and each of them. Should other employees be found to have participated in the unlawful discrimination, Plaintiff reserves the right to request the imposition of liability against those employees on the same basis.

66. As a direct and consequential result of the herein alleged actions and/or failures to act by Defendants, and each of them, Plaintiff has suffered injury to his mental and emotional well-being, including, fear, anxiety, depression, pain, humiliation, anger, despair, embarrassment, and uncertainty, all of the type, nature, and extent ordinarily associated with the wrongful conduct alleged against the Defendants herein, according to proof at trial.

67. As a direct and consequential result of the acts of Defendants, Plaintiff has suffered and continues to suffer special damages, including loss of front pay and benefits and back pay and benefits as shall be proved at trial.

WHEREFORE, Plaintiff prays judgment against the Defendants, and each of them, as fully set forth below.

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

## FOURTH CAUSE OF ACTION:
### REFUSAL TO ENGAGE IN INTERACTIVE PROCESS
#### (Calif. Fair Employment & Housing Act)
(Against All Defendants and DOES One through Thirteen, inclusive)

68.     Plaintiff incorporates by this reference each and all of the allegations contained in the paragraphs above as fully as though set forth at length herein.

69.     At all times herein mentioned Government Code Section 12900 *et seq.* was in full force and effect and binding upon Defendants. Said statute, among others, requires Defendants to engage in the interactive process in order to determine what, if any, reasonable accommodations may be available and required for Plaintiff's medical disability.  Said statue further requires Defendants to refrain from refusing to provide employees with reasonable accommodation for their physical for discriminatory or retaliatory reasons, among other things.

70.     Defendants treated Plaintiff detrimentally including, but not limited to, the following: failing to engage in a timely, good faith, interactive process with Plaintiff to find a reasonable accommodation for his need to be on medical leave; refusing Plaintiff reasonable accommodations to continue his employment, in using his time of medical leave negatively; failing to provide benefits of employment and other compensation as alleged above; depriving Plaintiff of the rewards of his work and other related benefits of employment; failing to protect Plaintiff from retaliation by his superiors for exercising his need to have reasonable accommodations for his disability; and ultimately terminating Plaintiff without good cause and/or for pretextual reasons, among other acts or failures to act.

71.     Defendants' stated reasons for terminating Plaintiff, for not engaging in the required interactive process, and/or refusing to provide reasonable accommodations for Plaintiff, are false and are pretexts for unlawful discrimination and thus not credible.

72.     These actions by Defendants, and each of them, constitute outrageous, unlawful conduct and discrimination under the laws of the State of California. Such outrageous, unlawful discrimination by Defendants, and each of them, was a substantial factor in causing damage and injury to Plaintiff.

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

73.   Pursuant to Government Code §12965(b), Plaintiff requests the award of reasonable attorneys' fees against Defendants, and each of them.

74.   Pursuant to Government Code §12926(c), Plaintiff requests the imposition of liability against Defendants, and each of them. Should other employees be found to have participated in the unlawful discrimination, Plaintiff reserves the right to request the imposition of liability against those employees on the same basis.

75.   As a direct and consequential result of the herein alleged actions and/or failures to act by Defendants, and each of them, Plaintiff has suffered injury to his mental and emotional well-being, including, fear, anxiety, depression, pain, humiliation, anger, despair, embarrassment, and uncertainty, all of the type, nature, and extent ordinarily associated with the wrongful conduct alleged against the Defendant herein, according to proof at trial.

76.   As a direct and consequential result of the acts of Defendants, Plaintiff has suffered and continues to suffer special damages, including loss of front pay and benefits and back pay and benefits as shall be proved at trial.

WHEREFORE, Plaintiff prays judgment against the Defendants, and each of them, as fully set forth below.

### FIFTH CAUSE OF ACTION:
### UNLAWFUL DISCRIMINATION- BASED ON DISABILITY
### (California Government Code §12940, et seq)
(Against All Defendants and DOES One through Fifteen, inclusive)

77.   Plaintiff incorporates by this reference each and all of the allegations contained in the paragraphs above as fully as though set forth at length herein.

78.   At all times herein mentioned Government Code Section 12900 *et seq*. was in full force and effect and binding upon Defendant and each of them.  Said statute, among others, requires Defendant to refrain from discriminating against any employee on the basis of disability or medical condition, among other things.

14

79.   Defendants, and each of them, treated Plaintiff detrimentally due to his disability/medical condition by, among other things: their failure to abide by Defendants' policies and procedures; failure to provide benefits of employment and other compensation as alleged above; depriving Plaintiff of the rewards of his work and other related benefits of employment; failure to protect Plaintiff from retaliation by her superiors for his need of accommodation; terminating Plaintiff's employment without good cause and/or for pretextual reasons, among other acts or failures to act.

80.   Defendant's stated reasons for constructively terminating Plaintiff, if any, are false and are pretexts for unlawful discrimination and retaliation and thus not credible.

81.   These actions by Defendant, and each of them, constitute outrageous and unlawful conduct and discrimination under the laws of the State of California and unlawful, outrageous retaliatory conduct for complaints of discrimination; such outrageous unlawful discrimination and retaliation by Defendant, and each of them, was a substantial factor in causing damage and injury to Plaintiff.

82.   Pursuant to Government Code Section 12965(b) Plaintiff requests the award of reasonable attorneys' fees against Defendant, and each of them.

83.   Pursuant to Government Code Section 12926(c), Plaintiff requests the imposition of liability to be imposed on Defendant, and each of them.  Should other employees be found to have participated in the unlawful discrimination, Plaintiff reserves the right to request the imposition of liability against those employees on the same basis.

84.   As a direct and consequential result of the herein alleged actions and/or failures to act by Defendant, and each of them, Plaintiff has suffered emotional damages of the type, nature and extent ordinarily associated with the wrongful conduct alleged against the Defendant herein, including fear, anxiety, depression, pain, humiliation, anger, despair, embarrassment, and uncertainty, according to proof at trial.

85.   Because the above described words and actions, among others, were spoken or carried out and/or ratified by Defendant and/or managerial agents of Defendant in

15

whom Plaintiff placed his justified and good faith trust, and because said Defendant acted in a deliberate, malicious, cold, callous, deceptive, oppressive and intentional manner in order to injure and damage the Plaintiff, and/or with callous disregard for Plaintiff's rights, Plaintiff requests the assessment of punitive damages against Defendant, and each of them, in an amount deemed proper by this court.

86.   As a direct and consequential result of the acts of Defendant, and each of them, Plaintiff has suffered and continues to suffer general damages and special damages, including loss of front pay and benefits and back pay and benefits as shall be proved at trial.

WHEREFORE, Plaintiff prays judgment against the Defendant, and each of them, as fully set forth below.

### SIXTH CAUSE OF ACTION
**RETALIATION IN VIOLATION OF LABOR CODE SECTION 1102.5**
(Against DEFENDANTS and DOES One through Twenty, inclusive)

87.   The allegations set forth above, are re-alleged and incorporated herein by reference as though fully set forth herein.

88.   Labor Code section 1102.5 provides that "an employer, or any person acting on behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation." Cal. Labor Code § 1102.5.

89.   As set forth above, Plaintiff raised what he believed to be violations or potential violations of law on issues of commissions and compensation and indicate he would file a claim with the Labor Board if necessary.

90.   Plaintiff was thereafter retaliated against for complaining and ultimately terminated for pretextual reasons in violation of Labor Code Section 1102.5.

91.   As a direct and consequential result of the herein alleged actions and/or failures to act by Defendants, and each of them, Plaintiff has suffered injury to his mental and

1 | emotional well-being, including, fear, anxiety, pain, humiliation, anger, despair, embarrassment,

2 | and uncertainty, all of the type, nature and extent ordinarily associated with the wrongful conduct

3 | alleged against the Defendants herein, according to proof at trial.

4 |       92.    As a direct and consequential result of the acts of Defendants, and each of

5 | them, Plaintiff has suffered and/or will suffer special damages, including loss of pay and benefits

6 | as shall be proved at trial.

7 |       93.    The above-cited conduct of Defendants was done with malice, fraud and

8 | oppression, and in reckless disregard of Plaintiff's rights and safety. Plaintiff is thus entitled to

9 | recover punitive damages from Defendants in an amount according to proof.

10 |       94.    Plaintiff is also entitled to civil penalties of up to $10,000 for each of

11 | Defendants' retaliatory acts pursuant to Labor Code section 1102.5.

12 |       95.    Plaintiff is also entitled to his reasonable attorneys' fees and costs of suit

13 | pursuant to California Code of Civil Procedure section 1021.5.

14 |       WHEREFORE, Plaintiff prays judgment against the Defendants, and each of

15 | them, as fully set forth below.

16 |

### SEVENTH CAUSE OF ACTION
### RETALIATION IN VIOLATION OF LABOR CODE SECTION 98.6
(Against DEFENDANTS and DOES One through Seventeen, inclusive)

19 |       96.    The allegations set forth above, are re-alleged and incorporated herein by

20 | reference as though fully set forth herein.

21 |       97.    Labor Code section 98.6 provides that "A person shall not discharge an

22 | employee or in any manner discriminate, retaliate, or take any adverse action against any

23 | employee…because the employee…engaged in…protected activity. Cal. Labor Code § 98.6(a).

24 |       98.    Given that Defendants' actions alleged herein were retaliatory in nature,

25 | had a material effect on Plaintiff's jobs, it is clear that several adverse actions were taken, and

26 | that those actions were causally linked to Plaintiff's complaints of violations of or potential

27 | violations of law on issues of commissions and compensations.

28 |

17

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

99.     As a direct and consequential result of the herein alleged actions and/or failures to act by Defendants, and each of them, Plaintiff has suffered injury to his mental and emotional well-being, including, fear, anxiety, pain, humiliation, anger, despair, embarrassment, and uncertainty, all of the type, nature and extent ordinarily associated with the wrongful conduct alleged against the Defendants herein, according to proof at trial.

100.     As a direct and consequential result of the acts of Defendants, and each of them, Plaintiff has suffered and/or will suffer special damages, including loss of pay and benefits as shall be proved at trial.

101.     The above-cited conduct of Defendants was done with malice, fraud and oppression, and in reckless disregard of Plaintiff's rights and safety. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

102.     Plaintiff is also entitled to civil penalties of up to $10,000 for each of Defendants' retaliatory acts pursuant to Labor Code section 98.6(b)(3).

103.     Plaintiff is also entitled to his reasonable attorneys' fees and costs of suit pursuant to California Code of Civil Procedure section 1021.5.

WHEREFORE, Plaintiff prays judgment against the Defendants, and each of them, as fully set forth below.

### EIGTH CAUSE OF ACTION:
### WRONGFUL TERMINATION AS AGAINST PUBLIC POLICY
(Against DEFENDANTS and DOES One through Twenty, inclusive)

104.     The allegations set forth above, are re-alleged and incorporated herein by reference as though fully set forth herein.

105.     As alleged hereinabove, Defendants terminated the employment of Plaintiff for illegal and/or pretextual reasons.

106.     Defendants' actions and failures to act as alleged herein, among other acts, were contrary to the policies, rules, regulations, and laws of the State of California that are in substantial part designed and intended to protect employees from discriminatory and/or harassing

18

or otherwise harmful or unlawful conduct.  Said policies, rules, and regulations are written in such places including, but not limited to, Constitution of the State of California, Article I §8, California Government Code §12900 *et seq.*, California Labor Code Sections 1102.5, 98.6, among other pertinent statutes.

107.   These and other acts by Defendants, and each of them, constituted a wrongful termination of Plaintiff's employment in violation of Public Policy under California law in that, among other things, Defendants' actions directed at Plaintiff violated state law, and/or effectively made Plaintiff acquiescence to unlawful, discriminatory conduct a condition of his continued employment with Defendants.

108.   The actions of Defendants, and each of them, as described above in this Complaint, as well as other acts, were done to Plaintiff deliberately, intentionally, and with callous disregard for Plaintiff's feelings and emotional well-being and were intended to injure Plaintiff and to cause him personal harm.

109.   As a direct and consequential result of the herein alleged actions and/or failures to act by Defendants, and each of them, Plaintiff has suffered injury to his mental and emotional well-being, including, fear, anxiety, pain, humiliation, anger, despair, embarrassment, and uncertainty, all of the type, nature and extent ordinarily associated with the wrongful conduct alleged against the Defendants herein, according to proof at trial.

110.   Because the above described words and actions, among others, were spoken or carried out and/or ratified by Defendants and/or managerial agents of Defendants in whom Plaintiff placed his justified and good faith trust, and because Defendants acted in a deliberate, malicious, cold, callous, deceptive, oppressive, and intentional manner in order to injure and damage the Plaintiff and/or with callous disregard for Plaintiff's rights, Plaintiff requests the assessment of punitive damages against Defendants, and each of them, in an amount deemed proper by this court.

PLANTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

111.   As a direct and consequential result of the acts of Defendants, Plaintiff has suffered and continue to suffer special damages, including loss of front pay and benefits and back pay and benefits as shall be proved at trial.

WHEREFORE, Plaintiff prays judgment against the Defendants, and each of them, as fully set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment against All Defendants and DOES One through Thirty-five inclusive, and each of them, as follows:

1.   For Plaintiff, all actual, consequential and incidental losses including, but not limited to, loss of income and benefits and front-pay and benefits, back pay, according to proof, together with prejudgment interest;

2.   For Plaintiff, general damages according to proof;

3.   For Plaintiff, punitive damages against each Defendant in an amount deemed proper by this court;

4.   That Defendants, their successors, agents, representatives, employees and all persons who act in concert with said Defendants be permanently enjoined from committing any acts of discrimination, retaliation, or other similar acts, including the violations alleged in all of the Causes of Action herein and as are prohibited by the Fair Employment and Housing Act, California Government §§12900 - 12996, including the following affirmative relief

(a)   for an injunction restraining Defendants, and each of them, from continuing or maintaining any policy, practice, custom or usage which is retaliatory/discriminatory in nature against any employee exercising his/her rights under the California Fair Employment and Housing Act ("FEHA");

(b)   for an injunction restraining Defendants, along with their supervising employees, agents and all those subject to its control or acting in concert with it from causing, encouraging, condoning or permitting the practice of

PLANTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

retaliation/discrimination and willful violations of FEHA;

(c)   for affirmative relief requiring Defendants, and each of them, to conduct training of all employees to "sensitize" them to the harmful nature of retaliating/discriminating against an employee exercising his/her rights under FEHA.  The proposed plan of education and training should also include training and detection, and correction and prevention of such retaliatory/discriminatory practices;

(d)   for affirmative relief requiring Defendants, and each of them, to notify all employees and supervisors, through individual letters and permanent postings in prominent locations in all offices that retaliation violates the California Fair Employment and Housing Act and the consequences of violation of such laws and policies;

(e)   for affirmative relief requiring Defendants, and each of them to post a notice at those businesses located in the State of California in which Defendant has at least ten percent (10%) ownership interest, stating that Defendant violated the FEHA, and specifying the remedies in this injunction, and provide proof to the Court, within one-hundred (100) days of the Court's order that such posting has occurred;

(f)   for affirmative relief requiring Defendants, and each of them, to develop clear and effective policies and procedures for employees complaining of retaliation or violations of FEHA so they may have their complaints promptly and thoroughly investigated (by a neutral fact finder) and informal as well as formal processes for hearing, adjudication and appeal of the complaints; and

(g)   for affirmative relief requiring Defendants, and each of them, to develop appropriate sanctions or disciplinary measures for supervisors or other employees who are found to have committed retaliatory acts, including warnings to the offending person and notations in that person's employment record for reference in the event future complaints are directed against that person, and dismissal where other measures fail.

5.   For attorneys' fees pursuant to statutes;

6.   For costs of suit; and

7.   For such other and further relief as this Court deems proper.

DATED: February 18, 2021

BOHBOT & RILES, PC

Karine Bohbot
Attorney for Plaintiff

21

1

PLAINTIFF HEREWITH DEMANDS A TRIAL BY JURY.

2

3 DATED: February 18, 2021     BOHBOT & RILES, PC

4

5             Karine Bohbot

6             Attorney for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLANTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

CERTIFICATE OF SERVICE

Case Name:   McLaughlin v. SET, Inc. et al
Case No. :   2:21-cv-00261-KJM-DB

I declare that:

     I am employed in the County of Alameda, State of California. I am over the age of 18 years and not a party to the within cause; my business address is 4319 Piedmont Ave., 2nd Floor, Oakland, California 94611:

On February 18, 2021, I served the within

- **PLAINTIFF'S FIRST AMENDED COMPLAINT**

on the interested parties in said cause by,

|   | |
|---|---|
|   | MAILING the ORIGINALS/COPIES thereof enclosed in a sealed envelope with postage thereon fully prepaid, and deposited within the United States mail at Oakland, California; |
|   | by MAILING, via FedEx, ORIGINALS/COPIES thereof in a mail packet, with pre-printed mailing form filled out; |
| X | by ELECTRONIC EMAIL to addresses set forth below; |
|   | by FAXING the COPIES thereof to attorney(s) listed below. |

addressed as follows:

Robert Yang, Esq.
ROPERS MAJESKI PC
1001 Marshall Street, 5th Floor
Redwood City, CA 94063
robert.yang@ropers.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: February 18, 2021

Hazel Rodriguez

1
PROOF OF SERVICE